ALFRED DUNHILL OF LONDON, INC. *v.* UNITED STATES

**No. 6155.**—Invoices dated London, England, February 4, 1942, etc.
 Certified February 9, 1942, etc.
 Entered at New York, N. Y., March 21, 1942, etc.
 Entry No. 743643, etc.

(Decided May 29, 1945)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

CLINE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the issues in these appeals for reappraisement, enumerated above, are the same

in all material respects as the issues decided in *United States* v. *Alfred Dunhill of London, Inc.*, Suit No. 4481, C. A. D. 305, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the entered value of the merchandise here involved is equal to the cost of materials and fabrication, manipulation or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values.

Judgment will be rendered accordingly.